# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 601 Lexington Avenue<br>New York, NY 10022<br>United States |  |
|---|---|---|
| Dale M. Cendali<br>To Call Writer Directly:<br>+1 212 446 4846<br>dale.cendali@kirkland.com | +1 212 446 4800<br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

March 25, 2019

Hon. Paul W. Grimm
U.S. District Court, District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, MD 20770

      Re:    *Brantley v. Epic Games, Inc.*, No. 8:19-cv-00594 (PWG)

Dear Judge Grimm:

      In accordance with the Court's February 26, 2019 Letter Order (Dkt. No. 3), Defendant Epic Games, Inc. ("Epic Games") requests permission to file a motion to dismiss Plaintiffs Brantley and Nickens's ("Plaintiffs") Complaint (Dkt. No. 1) pursuant to Federal Rule 12(b)(6).

      Plaintiffs' suit is fundamentally flawed as it attempts to impose liability for rights that Plaintiffs do not and could not hold in light of well-established intellectual property and free speech principles. Plaintiffs allege that they created a simple dance step (the "Dance Step") and that Epic Games violated their rights to the Dance Step by including in its complex video game *Fortnite* a different celebratory dance or "emote" called the "Running Man." Compl. ¶¶ 26–35.

      *First*, Plaintiffs do not plausibly allege ownership of any rights in the Dance Step. The Complaint incorporates by reference a recording of *The Ellen DeGeneres Show*, Compl. ¶ 2, during which they admitted that they did not create the Dance Step, but rather learned of it from social media. This alone justifies dismissal. *HQM, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 502 (D. Md. 1999) (dismissing unfair competition claims given documents referred to in complaint).

      *Second*, Plaintiffs' copyright claims (Counts I and II) should be dismissed for two independent reasons. As an initial matter, Plaintiffs have not satisfied the pre-suit registration requirement for infringement claims under 17 U.S.C. § 411(a). They allege that they applied for a registration, Compl. ¶ 39, but do not allege that the Copyright Office has registered the work or refused to do so. As the Supreme Court recently held, the Copyright Act requires "owners to await action by the Register before filing suit for infringement"; an application is insufficient. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, No. 17-571, 2019 WL 1005829, at *11 (U.S.) (opinion attached hereto as **Exhibit A**). After Epic Games informed Plaintiffs of this deficiency, Plaintiffs agreed to dismiss the claims, indicating that they would attempt to do so by last Friday. As today is Epic Games' deadline for responding to the Complaint and Plaintiffs have not yet dismissed their claims, Epic Games has no choice but to submit this letter. Should Plaintiffs dismiss the copyright claims, Epic Games nonetheless would ask to move to dismiss the remaining claims for the reasons expressed below, after reviewing the amended complaint.

KIRKLAND & ELLIS LLP

Hon. Paul W. Grimm
March 25, 2019
Page 2

Plaintiffs' copyright claims also fail because Plaintiffs cannot show that the Dance Step is substantially similar to *Fortnite* as a matter of law as required to state a copyright claim. To determine substantial similarity, courts "isolate the protectable expression in the copyrighted work in order to determine whether there are substantial similarities between that protected expression and the defendant's work." *Comins v. Discovery Commn's, Inc.*, 200 F. Supp. 2d 512, 518 (D. Md. 2002). The Dance Step, however, is not protected by copyright at all because "[i]ndividual movements or dance steps by themselves are not copyrightable." U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 805.5(A) (3d ed. 2017). The Copyright Office has made clear that movements like the Dance Step—"the basic waltz step, the hustle step, the grapevine," or celebratory touchdown dances—are unprotectible no matter their complexity or uniqueness. *Id.* The exclusion of dance steps from copyright's protection flows from the fundamental principle that no one can own the basic building blocks of creative expression. *See Staggs v. West*, No. 08 Civ. 728, 2009 WL 2579665, at *3 (D. Md. Aug. 17, 2009) (dismissing infringement claims because only similarities between the works were "common words or phrases . . . that simply are not copyrightable"). Moreover, the Dance Step constitutes an "idea," which Congress has expressly excluded from copyright protection. 17 U.S.C. § 102(b); *Atari, Inc. v. Amusement World, Inc.*, 547 F. Supp. 222, 230 (D. Md. 1981).

As the Dance Step is not protectable, there is nothing to compare to *Fortnite* and, thus, there is no substantial similarity. Even if the Dance Step were compared to *Fortnite* as a whole, or the relevant emote in particular, the works are not substantially similar because they differ in a number of ways, including the hand and head movements.[1] Thus, Plaintiffs' copyright claims should be dismissed. *See Tessler v. NBC Universal, Inc.*, No. 2:08 Civ. 234, 2009 WL 866834, at *3, *5 (E.D. Va. Mar. 31, 2009) (dismissing claims as there were "no substantial similarities . . . based on protectable elements," noting that courts may dismiss an "infringement claim if no reasonable jury could find substantial similarity"), *aff'd* 364 Fed. Appx. 5 (4th Cir. 2010).

***Third***, Plaintiffs' right of publicity (Count III) and unfair competition (Count IV) claims are preempted by the Copyright Act, and should be dismissed for this reason alone. A claim is preempted if (1) the work is within the "subject matter of copyright" and (2) the claim seeks to vindicate rights equivalent to those protected by copyright law. *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 229 (4th Cir. 1993). The first element is established as choreography is within the subject matter of copyright. 17 U.S.C. § 102(a)(4).[2] The second element is established as the claims are based on allegations of "copying" and "misappropriation [of] Plaintiffs' copyright," Compl. ¶¶ 61, 69, and are thus copyright claims in all but name. *Rosciszewski*, 1 F.3d at 229 (state law claim based on reproduction of plaintiff's work preempted); *Mays & Assocs., Inc. v. Euler*, 370 F. Supp. 2d 362 (D. Md. 2005) (federal unfair competition claim preempted).

---

[1] Even if the Dance Step had a sliver of copyright protection, such a thin copyright would require a showing of "supersubstantial similarity." *See Building Graphics, Inc. v. Lennar Corp.*, 866 F. Supp. 2d 530, 544 (W.D.N.C. 2011), *aff'd*, 708 F.3d 573 (4th Cir. 2013).

[2] The Dance Step is within the "subject matter of copyright" even though it is not protectable. *See Berge v. Board of Trustees of the Univ. of Ala.*, 104 F.3d 1453, 1463–65 (4th Cir. 1997).

KIRKLAND & ELLIS LLP

Hon. Paul W. Grimm
March 25, 2019
Page 3

*Fourth*, Plaintiffs' right of publicity claim also should be dismissed because Plaintiffs cannot state a claim. Because Plaintiffs Brantley and Nickens reside in Massachusetts and New Jersey, respectively, Compl. ¶ 5, their publicity rights are governed by Massachusetts and New Jersey law.[3] Massachusetts' right of publicity only protects a "name, portrait or picture." *See* Mass. Gen. Laws Ann. ch. 214 § 3A. As the Dance Step does not fall into these categories, Nickens's right of publicity does not apply. Moreover, under New Jersey law, Count III is barred by the First Amendment pursuant to the Transformative Use test as *Fortnite* is an expressive work, *Brown v. Entm't Merchants Ass'n*, 131 S.Ct. 2729, 2733 (2011) (First Amendment applies to video games), and because *Fortnite* does not contain a "literal recreation of Plaintiff" but rather "added something new." *Mitchell v. Cartoon Network, Inc.*, No. 15 Civ. 5668, 2015 WL 12839135, at *5–6 (D.N.J. Nov. 20, 2015) (right of publicity claims dismissed).[4]

*Fifth*, Plaintiffs' unfair competition claim (Count IV) also is barred by the First Amendment under the *Rogers v. Grimaldi* test, which bars such claims in the context of expressive works unless a defendant's alleged use has "no artistic relevance" to the underlying work or is "explicitly mislead[ing] as to the source or content of the work." *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1239–41 (9th Cir. 2013) (applying the Second Circuit's *Rogers* test to video games and rejecting federal and state unfair competition claims); McCarthy on Trademarks and Unfair Competition § 31:144.50 (5th ed.). Because Plaintiffs admit the artistic relevance of *Fortnite's* emotes, Compl. ¶ 21, and *Fortnite* is not explicitly misleading, Plaintiffs' unfair competition claims do not lie.

*Finally*, Plaintiffs are not entitled to several forms of relief requested in the Complaint. Plaintiffs are not entitled to "punitive damages" as a remedy for their copyright claims, Compl. ¶¶ 47, 59, as such relief is not available under the Copyright Act. *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 545 (4th Cir. 2007). Moreover, Plaintiffs are not entitled to "statutory damages" or "attorneys' fees" as a remedy for their copyright claims, Compl. ¶ 46, 58, as such relief is "unavailable [if] the plaintiffs did not register their copyright prior to the alleged infringement," *Custom Direct, LLC v. Wynwyn, Inc.*, No. 09 Civ. 2348, 2010 WL 1794248, at *2 (D. Md. May 4, 2010) (citing 17 U.S.C. § 412), which Plaintiffs admit here. Compl. ¶¶ 39, 49.

Sincerely,

*Dale Cendali*

Dale M. Cendali

---

[3] Because Maryland applies the *lex loci delicti* principle for choice-of-law analysis, *see Lab. Corp. of Am. v. Hood*, 395 Md. 608, 615 (Md. Ct. App. 2006), which applies the law of a plaintiff's domicile to right of publicity claims, *see Allison v. Vintage Sports Plaques*, 136 F.3d 1443, 1445 n.6 (11th Cir. 1998); *Bullard v. MRA Holding, LLC*, 740 Ga. 748, 750 (2013), Count III is governed by the law of the states in which the Plaintiffs are domiciled.

[4] Under Maryland law, Plaintiffs' right of publicity claims also would fail because the emote is a tiny part of *Fortnite* and incidental to the overall game. *Comins*, 200 F. Supp. 2d at 523.